## MERCER v. KNOX.
### No. 9546.

Court of Civil Appeals of Texas. Austin.

April 10, 1946.

Rawlings, Sayers & Scurlock and Nelson Scurlock, all of Fort Worth, for appellant.

Renne Allred, Jr., of Austin, for appellee.

BAUGH, Justice.

Knox, as receiver of Allied Underwriters, sued T. E. and George E. Mercer in the District Court of Dallas County, for additional premiums alleged to be due by the Mercers on certain insurance policies issued to them by the Allied Underwriters, a reciprocal or inter-insurance exchange. Upon the death of T. E. Mercer suit was dismissed as to him. George E. Mercer filed a plea of privilege to be sued in Tarrant County, the county of his residence. This plea was duly controverted, hearing had thereon, and the plea overruled, from which order this appeal is prosecuted.

Appellee relies, as sustaining venue in Dallas County, upon Sub. 5 of Art. 1995, R. C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5, based upon the language of the "subscribers agreement" to the effect that "We (the subscribers) agree to pay promptly at the office of our Attorney-in Fact in the city where it is located all demands of our Attorney-in Fact for moneys to be used for the purposes set forth in this agreement." It was agreed that such office was in Dallas County. Appellant denied, however, that he had ever signed any such "subscribers agreement," or that any authorized agent had done so for him, and the trial court so found. He admitted, however, that the policies sued upon had been issued to and accepted by him; that he paid the premiums thereon and received the benefits of such insurance. The original policies had been lost and proof thereof made by secondary evidence. It is the contention of appellant that the policies themselves did not provide for payment of premiums in Dallas County; that he had signed no agreement to pay in Dallas County; that if bound by the terms of the "subscribers agreement," which was referred to in the policy and made a part thereof, it was only by virtue of estoppel; and that estoppel cannot be used to create a contractual right in favor of Allied Underwriters to require payment in Dallas County, absent a signed agreement in writing to do so.

We do not agree with appellant's contention that the only ground to sustain venue facts—that is, a written contract performable in Dallas County—is that of estoppel. The reciprocal or inter-insurance exchange is a creature of the statutes (Arts. 5024–5033a, R.C.S., Vernon's Ann.Civ.St. arts. 5024–5033a) and its powers, duties, responsibilities and methods of operation are regulated by statute. Its contracts are therefore referable to the provisions of such statutes, and it is now well settled law that the requirements of such statutes are read into and become a part of such insurance contracts. It is also now settled that policy holders in such reciprocal exchange are both insurer and insured, and not only as contemplated by the statutes, but under the provisions of the policies issued, the insurance contract consists of the "subscribers agreement," or "power of attorney," and the policy issued, and that the two are inseparably interrelated. Art. 5026, R.C.S.;

Glenn H. McCarthy, Inc. v. Southern Underwriters, Tex.Civ.App., 192 S.W.2d 469, and cases therein cited. The two instruments are inseparable and essential to constitute a complete contract.

■ In the instant case the policy issued to and accepted by appellant contained the following provision:

"Subscribers hereat are individuals, partnerships and corporations, which have each executed an agreement, hereby made a part hereof, which vests in Allied Underwriters Corporation, herein called 'Attorney,' power to make this contract for them. Whereever the word 'contract' occurs herein it means and shall be taken and construed to mean this contract in its entirety, which is issued to the subscriber named herein in exchange for, and in consideration of, indemnity extended by him to other subscribers, and each subscriber's contingent liability shall be limited in the manner expressed in his executed agreement and the subscriber shall be entitled to a return of all savings calculated in accordance with the terms and conditions of such executed agreement referred to."

The subscribers agreement or power of attorney, referred to in the policy and made a part thereof, and which the court found appellant had not signed, provided:

"We agree to pay promptly at the office of our Attorney-in-Fact in the city where it is located all demands of our Attorney-in-Fact for moneys to be used for the purposes set forth in this agreement. Failure to pay promptly such demands shall be cause for legal enforcement of same and our Attorney-in-Fact is specifically authorized to bring such proceedings in the name of the Allied Underwriters or in its own name as Attorney-in-Fact for subscribers at Allied Underwriters."

As a prerequisite to the right to issue such a policy, the statute itself (Art. 5026, R.C.S.) requires that both a "copy of the form of policy" and a "copy of the form of power of attorney * * *" be filed with and approved by the Board of Insurance Commissioners. Having accepted the policy issued and received all the benefits thereof, the appellant would, we think, as a matter of law, absent any fraud or concealment, neither of which is asserted, be charged with knowledge of, and bound by, the terms and conditions of such power of attorney or subscribers agreement whether he had in fact signed it or not. He would be so bound not under the doctrine of estoppel in pais, but under the provisions of the statute itself, and as held by the Dallas Court of Civil Appeals in Port Iron & Supply Co. v. Casualty Underwriters, 118 S.W.2d 627, 629, that by accepting the policy, paying the premiums, and receiving its benefits, he ratified the provisions of the insurance contract in its entirety, which included the terms of the agreement.

■ We have no disagreement with appellant's contention, as a sound principle of law, that estoppel cannot be used to create a contract nor a cause of action where, without such estoppel, none had theretofore existed. As otherwise sometimes stated, estoppel must be used as a shield and not as a sword. A typical application of such principle is found in an able consideration thereof by Judge Leslie in Massachusetts Bonding & Ins. Co. v. Dallas Steam Laundry & Dye Works, Tex.Civ. App., 85 S.W.2d 937. In that case the insured sought to hold the insurer liable by estoppel or waiver for a loss, which had, by the language of the insurance policy, been expressly excluded from the risks covered by the policy. Clearly, to hold the insurer in such a case would be to add something to the contract which not only it did not contain as originally made, but which the original contract had in express terms excepted therefrom. Obviously no such case is here presented. Nothing is attempted to be added to the contract (consisting of both the subscribers agreement and the policy issued) here involved; but only to hold the insured to the express terms of the contract itself, to which he was a party and which included an obligation to pay in Dallas County.

■ Nor do we sustain appellant's other contention that the language of the policy above quoted, adopted by reference only that portion of the agreement relating to the insured's "contingent liability" and "a return of all savings calculated in accordance with the terms and conditions of such executed agreement referred to." Under this contention it is urged that such reference in the policy to the subscribers agreement was for a limited purpose only, and that consequently the agreement, thus adopted in the policy by reference only, became a part of such policy only to the extent of such specified purpose. And that the policy, not having adopted by specific reference the provision of the agreement providing for payment of premiums in Dallas County, that clause did not become a part of the insurance contract.

888

It may be conceded that as a general rule where one contract or written instrument refers to another for a specific or limited purpose only, then the instrument so referred to becomes a part of such contract or agreement only to the extent and for the purpose specified. 17 C.J.S., Contracts, § 299, p. 716; 12 Am.Jur. § 245, p. 780, and cases cited in support of these texts. However, that rule has no application here. Not only does the statute require both instruments—that is, the agreement or power of attorney, and the policy issued by the attorney-in-fact—as necessary to constitute a complete contract of insurance; but both must be considered together in toto for that purpose. Further, if the law itself did not so require, the first sentence of the language of the policy above quoted refers to such "agreement, hereby made a part hereof * * *," thus clearly indicating, not merely a reference to it for a limited purpose; but the inclusion of such agreement in its entirety as an integral and essential part of the insurance contract. Consequently the rule asserted has no application to the facts of the instant case.

It follows from the conclusions above stated that the trial court properly overruled appellant's plea of privilege, and the judgment is therefore affirmed.

Affirmed.