## HIGHWAY INS. UNDERWRITERS v. REED.

### No. 9805.

Court of Civil Appeals of Texas. Austin.

June 1, 1949.

Ewell Muse, Jr. and Morgan Nesbitt, of Austin, for appellant.

Wallace T. Barber, of San Marcos, for appellee.

ARCHER, Chief Justice.

This appeal is from an order of the District Court of Hays County, Texas, overruling appellant's plea of privilege to be sued in Travis County, Texas.

Appellee, George N. Reed, filed suit in the District Court of Hays County, Texas, on an insurance contract issued to him by the Highway Insurance Underwriters, seeking recovery under the "collision or upset" portion of the contract for:

1. Damages to one of appellee's motor vehicles occasioned by a collision and/or upset in Hill County, Texas.

2. The actual cost of labor done on said truck in Hays County, Texas, which labor was done at the special instance and request of appellant's duly authorized agent.

3. The actual storage charges for storage in Hays County, Texas, of the said damaged truck, which storage and the charges therefor were incurred by and at the request of appellant's duly authorized agent.

Appellant, the Highway Insurance Underwriters, whose agent and attorney in fact is Joe C. Carrington, filed a plea of privilege to be sued in Travis County, Texas, alleging that the residence of the Highway Insurance Underwriters was and is Travis County, Texas. Appellee filed a controverting affidavit wherein he alleged that Exceptions 23, 5 and 28 to Article 1995 of Vernon's Revised Civil Statutes was each applicable to the said case. After due hearing on the plea, the trial court found that under Exception 23 to Article 1995, Vernon's R.C.S., venue should be retained in Hays County, Texas, and therefore overruled appellant's plea of privilege.

Appellant urges as error by the trial court in overruling this plea of privilege, three points.

The court made findings of fact and conclusions of law, to-wit:

"Findings of Fact

"1. The insurance contract sued on by plaintiff as the basis of this cause of action was made, at least in part, in Hays County.

"2. The application for the insurance contract involved was made in Hays County, Texas, and the policy was delivered by defendant's agent and paid for in Hays County, Texas, and the contract was consummated and executed in Hays County, Texas.

"3. The Highway Insurance Underwriters, a reciprocal insurance exchange, was and is an 'association' within the meaning of Exception 23, Article 1995, Vernon's R.C.S.

"4. The truck covered by the said insurance contract was damaged and plaintiff has not received any payment for said damages.

"Conclusions of Law.

"1. Under said Exception 23 to Article 1995, Vernon's R.C.S., I find that venue of the above entitled and numbered cause should be retained in Hays County, Texas, and that defendant's plea of privilege should be overruled."

We believe the findings, supported by the evidence, and the conclusion of law correct.

By stipulation the parties agreed:

"The defendant, Highway Insurance Underwriters, is a reciprocal insurance exchange duly organized and doing business by virtue of the laws of the State of Texas, Chapter 20, Title 78, Revised Civil Statutes of Texas, with Joe C. Carrington, an individual, Attorney in Fact for the subscribers of the exchange, whose residence is Travis County, Texas. That said reciprocal insurance exchange being licensed to issue policies covering collision and upset, with its principal place of business in the Highway Insurance Building, 607 Brazos Street, Austin, Travis County, Texas, said reciprocal insurance exchange not being a corporation."

The plaintiff testified, in part, as follows:

"Q. About at the end of November or the first of December, 1947, when that policy was nearing expiration, did anyone come in to see you about renewing it? A. Yes.

"Q. Tell the court about that. A. He came back and solicited the renewal of the policy in my office.

"Q. By he, whom do you mean? A. Mr. Gathright.

"Q. For the purpose of the record, Forest D. Gathright? A. Yes.

"Q. He came back and solicited a renewal of the policy in your office, I believe? A. Yes.

"Q. Did you pay for that policy? A. To him at that time?

"Q. I mean at the time he solicited it or at the time he delivered the policy? A. The payment was made, the down payment was made on the policy, I don't remember how much it was; it was paid to him.

"Q. To Mr. Gathright? A. Yes. The check was made payable to Motor Carriers Insurance, Austin, Texas.

"Q. I want to show you this policy; is that the policy that was delivered to you in your office in San Marcos, Hays County, Texas? A. Yes.

"Mr. Barber: We offer in evidence the policy."

It is undisputed that Mr. Gathright was an agent of the Highway Insurance Underwriters. The application for policy was made in Hays County. The policy was issued in Travis County, on December 17, 1947, and personally delivered to the policyholder in Hays County by an agent of appellant, and there paid for. Sec. 16 of the policy recites:

"Declarations: By acceptance of this policy the insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

The application in Sec. 9 provides:

"This application shall not be binding on our Attorney unless and until a policy contract shall be issued and delivered in accordance herewith and then only as of the commencement date of said policy and in accordance with all terms thereof, and the subscriber hereby covenants and agrees that the foregoing statements and answers are a just, full and true exposition of all the facts and circumstances with regard to the risk to be insured, insofar as same are known to the subscriber; and the same are hereby made the basis and a condition of the insurance, and a warranty on the part of the subscriber."

The Supreme Court of Texas, in the case of Sergeant v. Goldsmith Dry Goods Co. et al., 110 Tex. 482, 221 S.W. 259, 262, 10 A.L.R. 742, stated:

"The application and the policy must be construed together in order to determine the liability of any member for the loss of another member. Together, they constituted the contract of each member with all other members. The provisions of neither are to be ignored."

In Mercer v. Knox, Tex.Civ.App., 193 S.W.2d 885, 888, this court held:

"Not only does the statute require both instruments—that is, the agreement or power of attorney, and the policy issued by the attorney-in-fact—as necessary to constitute a complete contract of insurance; but both must be considered together in toto for that purpose."

In Howell v. Knox, Tex.Civ.App., 211 S.W.2d 324, 326, this court held:

"It is also now settled that policyholders in such reciprocal exchange are both insurer and insured, and not only as contemplated by the statutes, but under the provisions of the policies issued, the insurance contract consists of the 'subscribers agreement,' or 'power of attorney,' and the policy issued, and that the two are inseparably interrelated."

Since the contract between the parties consists of both the policy and the application and since the application was not binding on the attorney-in-fact until the policy was issued and delivered, and since such delivery was made by appellant's agent in Hays County, we conclude that the contract was consummated in Hays County and a part of appellee's cause of action arose in that county.

We believe that the Highway Insurance Underwriters is an association within the meaning of Sec. 23, Art. 1995, Vernon's Ann.Civ.St. By stipulation it was agreed that the defendant was not a corporation or partnership, but a reciprocal insurance exchange under Ch. 20, Title 78, Vernon's Ann.Civ.St. Arts. 5024–5033a, and since it is a legal entity it may be sued in the association name.

Art. 6133 (6149) (Suit in company name): "Any unincorporated joint stock company or association, whether foreign or domestic, doing business in this State, may sue or be sued in any court of this State having jurisdiction of the subject matter in its company or distinguishing name; and it shall not be necessary to make the individual stockholders or members thereof parties to the suit."

In Bottle Up Bottling Co. v. Lewis, Tex. Civ.App., 163 S.W.2d 875, 877. In this case it was stated:

"An 'association' as the word is used in exception 23 means, we think, a legal en-

tity which has the capacity to be sued as such."

The judgment of the trial court is affirmed.

Affirmed.