

# The Attorney General of Texas

December 21, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jose A. Gamez
Brooks County Attorney
P. O. Box 557
Falfurrias, Texas 78355

Opinion No. H- 1300

Re: Whether counties may purchase Nonassessable Reciprocal Interinsurance Contracts.

Dear Mr. Gamez:

You ask whether a county may become a member of a reciprocal interinsurance exchange under chapter 19 of the Insurance Code. You state that the county would like to purchase a nonassessable insurance contract from a reciprocal, resulting in financial savings to the county. A reciprocal is a method of insurance whereby members of the exchange, called subscribers, agree through an attorney in fact to insure each other against designated risks. The subscribers are both the insured and the insurer. V.T.C.S. arts. 19.01 – 19.12; Couch on Insurance 2d, §§ 18.11 - 18.37.

Article 19.09 provides that "[a]ny corporation, public, private or municipal, . . . shall . . . have full power and authority to exchange insurance contracts of the kind and character herein mentioned." In previous opinions we have said that public bodies may not purchase assessable insurance coverage because this would amount to a lending of credit in contravention of article 3, section 52 of the Texas Constitution. Attorney General Opinions H–755 (1975); H–365 (1974). This section provides that no county has authority to "lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." We believe that an insurance reciprocal is an association within this provision. Highway Insurance Underwriters v. Reed, 221 S.W.2d 925 (Tex. Civ. App. —Austin 1949, no writ) (reciprocal is association for venue purposes). Article 19.03(3) provides that

> subscribers at such exchange may provide by agreement that the premium or premium deposit specified in the policy contract on all forms of insurance except life shall constitute their entire liability through the exchange if the free surplus of such exchange is equal to the minimum capital stock and minimum surplus required of a stock company transacting the same

> kinds of business. . . . [T]he power of attorney or other authority executed by the subscribers at any such exchange shall provide that such subscribers at such exchange shall be liable, in addition to the premium or premium deposit specified in the policy contract, to a contingent liability equal in amount to one (1) additional annual premium or premium deposit. Such last mentioned provision may be eliminated if the free surplus of such exchange is equal to the minimum capital stock and minimum surplus required of a stock company transacting the same kinds of business. . . .

In order for the policy to be nonassessable, the surplus of the reciprocal must be as specified in article 19.03 when the policy is issued. Cf. Ins. Code art. 15.11 (mutual company may issue policies without contingent liability only if it possesses a minimum surplus). If the reciprocal does not have the minimum surplus, we believe that the subscriber would be liable for the additional premium assessment despite a description of the policy as "nonassessable." Taggart v. George B. Booker & Co., 28 A.2d 690 (Supt. Ct. Del. 1942). The mere possibility of assessment is an unconstitutional lending of credit. City of Tyler v. Texas Employers' Insurance Ass'n, 288 S.W. 409 (Tex. 1926).

If, however, the reciprocal has the minimum surplus a county may enter into a reciprocal interinsurance exchange on a nonassessable basis as there would be no lending of its credit in violation of article 3, section 52 and article 11, section 3 of the Texas Constitution.

Article 3, section 52 also prohibits a county from becoming a stockholder in a corporation, association or company. Similarly, article 2, section 3 provides that "no county, city, or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation or association. . . ."

The question then is whether subscription to a reciprocal insurance exchange falls within this stockholder prohibition. Section 52 was construed to preclude a school district from acquiring fire insurance from a mutual company because the district would thereby become a stockholder in the company with voting rights. Lewis v. Ind. Sch. Dist. of City of Austin, 161 S.W.2d 450 (Tex. 1942); see also City of Tyler v. Texas Employers' Insurance Ass'n, supra. The purpose of these provisions was to prevent public bodies from extending public bodies from extending public funds or credit to private entities through the purchase of capital stock. We believe that there is no purchase of stock or subscription to capital when a subscriber pays a premium to a reciprocal exchange for insurance coverage. Therefore, article 3, section 52 is not violated. But see 1937 Attorney General Opinions, bk. 375, p. 568 (semble).

## SUMMARY

A county may purchase a nonassessable policy from a reciprocal insurance exchange.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn