William D. **WATSON**, Appellant,

v.

**NORTEX WHOLESALE NURSERY, INC. and Bob Mitchell Auction Service Inc.**, Appellees.

No. 12–89–00292–CV.

Court of Appeals of Texas, Tyler.

April 30, 1992.

E. Ben Franks, Texarkana, for appellant.

Charles H. Clark, Tyler, for appellees.

BILL BASS, Justice.

Watson brought this negligence action against Nortex to recover for personal injuries he sustained in an on the job accident, and for which he received compensation under the Worker's Compensation Act. Nortex defended, claiming that it was Watson's employer at the time of the accident, and that therefore Watson's common law negligence action against it was precluded by the Worker's Compensation Act.[1] Although both parties agree that Nortex was Watson's employer, Watson urges that the doctrines of estoppel or election operate to prevent Nortex's contention that it was his employer. The trial court disregarded the jury's finding that Nortex and North Haven Gardens, Inc. had "elected" Nortex as Watson's employer. We conclude that the trial court correctly found that Watson's suit against his employer was barred, and we affirm the judgment.

Nortex is a grower and wholesaler of nursery stock. North Haven Gardens, Inc. is engaged in landscaping and the retailing of nursery plants and supplies. Although they are independent corporations, they are owned by the same family and have common officers. They also shared the same compensation carrier, Hartford Insurance Company, at whose request North Haven was shown as Watson's employer on the Industrial Accident Board filings.[2]

Watson was injured while working beneath a trailer trying to position an axle. The forklift hoisting the trailer suddenly dropped the trailer onto Watson causing his injuries. The forklift was owned by Nortex and operated by its employee. It had been recently reconditioned by North Haven. The parties agree that the accident resulted from either the forklift operator's error or hydraulic failure. It is also undisputed, and was found by the jury, that Nortex directed Watson's work, and that Watson was Nortex's employee as defined by the Worker's Compensation Act.[3]

The trial court submitted questions to the jury concerning the "election" of employer, Nortex's, negligence and amount of damages. The jury answered that Nortex and North Haven elected North Haven as Watson's employer and Nortex was negligently liable for damages in the amount of $615,000.[4] However, the trial court disregarded those jury findings. The court held that the jury's finding that Watson was Nortex's employee barred Watson's recovery as a matter of law.

■ In his first point of error, Watson argues that the trial court erred in dis-

---

1. TEX.REV.CIV.STAT.ANN. art. 8306 § 3 (Vernon 1967).

2. Watson introduced four worker's compensation-related documents in which North Haven was identified as his employer: (1) Employer's First Report of Injury, (2) Employer's Wage Statement, (3) Compromise Settlement Agreement, and (4) Employer's First Report of Injury from a previous injury in 1978.

3. The following question was submitted and answered affirmatively by the jury:

 On the occasion in question was William Don Watson acting as an employee of Nortex Wholesale Nursery, Inc.?
 Answer: yes

4. The following questions were answered by the jury in Watson's favor but were disregarded by the trial court:
 Question No. 3
 Do you find that as between Nortex Wholesale Nursery, Inc. and North Haven Gardens, Inc.

those entities elected North Haven Gardens, Inc. as the employer of William D. Watson?
 Answer: yes
 Question No. 4
 Did the negligence, if any, of the persons named below proximately cause the occurrence in question?
 Answer "Yes" or "No" for each of the following:

 (a) Nortex Wholesale Nursery, Inc. yes [75%]
 (b) William Don Watson yes [25%]

 Question No. 6
 What sum of money, if paid now in cash, would fairly and reasonably compensate William Don Watson for his injuries, if any, that resulted from the occurrence in question?
 Answer in dollars and cents for past damages, if any:
 Answer: 138000.00
 Answer in dollars and cents for future damages, if any:
 Answer: 477000.00

regarding the jury finding that Nortex and North Haven had elected North Haven as Watson's employer. Watson claims that in disregarding that finding, the trial court violated Rule 301 of the TEXAS RULES OF CIVIL PROCEDURE, which requires the judgment to conform to the verdict.

A jury's answer to a special issue in the charge may be disregarded only when it has no support in the evidence or when the issue is immaterial. *C & R Transport v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966). A special issue is immaterial when (1) it should not have been submitted; or (2) though properly submitted, it has been rendered immaterial by other findings. *Id.* The issue presented is whether the "election" question was a material issue; and if so, whether it had any support in the evidence.

No single principle underlying the doctrine of election can be identified. *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex.1980). It is said that the fundamental purpose for the doctrine of election is to prevent a double opportunity for the redress of a single wrong. *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377, 393 (1945). It may *bar relief* when: (1) one successfully exercises an informed choice (2) between two or more remedies, rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice. *Bocanegra*, 605 S.W.2d at 851 (citing *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 491 S.W.2d 869, 871 (Tex.1973)). The election must be made between two or more inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts. *Custom Leasing, Inc.*, 491 S.W.2d at 871. It is ordinarily applied defensively to bar relief. Although courts have applied the doctrine in a wide range of legal contexts, Watson concedes that the courts have never applied the doctrine *against* an employer in an employer determination. Nor have we discovered the doctrine applied offensively in an analogous context.

In the case at bar, Nortex did not exercise a choice between inconsistent remedies or rights. Watson essentially argues that he possessed two causes of action: one against North Haven for the negligent repair of the forklift, and another against Nortex, his actual employer, for the negligent operation or maintenance of the forklift. The latter cause would be barred by statute. Nortex was not entitled to elect which of the two entities was Watson's employer, thereby nullifying the bar of the statute. The misrepresentation of the employer status, whether accidental or intentional, was not an election. The application of the doctrine is increasingly disfavored and we decline to extend it under the facts of this case. *Slay v. Burnett Trust*, 187 S.W.2d at 393. The doctrine of election does not apply. The trial court correctly disregarded the jury's answer with regard to employer election, because the issue was immaterial. Point of error one is overruled.

In his second point of error, Watson complains that the trial court erred in overruling his objection to the submission of the question, "On the occasion in question was William Don Watson acting as an employee of Nortex Wholesale Nursery, Inc.?" Watson's argument is based on two grounds: (1) that Nortex is judicially estopped to assert that North Haven was not Watson's employer, or (2) that Nortex is equitably estopped to assert that North Haven was not Watson's employer.

A statement on which a claim of judicial estoppel is based must have been made in a former proceeding under oath. The statement may have been made in a sworn pleading, an affidavit, or in sworn testimony. *Aetna Life Insurance Co. v. Wells*, 557 S.W.2d 144 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.). In *Aetna*, the court of appeals considered a similar contention that unsworn claim forms filed with the Industrial Accident Board and unsworn statements during the course of a "pre-hearing conference" gave rise to a judicial estoppel. The court rejected the contention because none of the statements were made under oath. None of the statements upon which Watson relies to estop Nortex were made under oath. Furthermore, the compromise agreement entered

into by Watson and the insurance carrier, though approved by the Industrial Accident Board, was not an adjudication that operated as an estoppel against Nortex. *Lowry v. Anderson–Berney Bldg. Co.*, 139 Tex. 29, 161 S.W.2d 459, 463 (1942); *Harleysville Mutual Ins. Co. v. Frierson*, 455 S.W.2d 370, 373 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). A judicial estoppel did not arise.

■ To establish an equitable estoppel, Watson must prove (1) a misrepresentation or concealment of material facts, (2) made with knowledge, actual or constructive, of those facts, (3) with the intention that it be acted upon, (4) to a party without knowledge, or the means of knowledge of those facts, (5) who detrimentally relied upon the misrepresentation. *Gulbenkian v. Penn*, 151 Tex. 412, 418, 252 S.W.2d 929, 932 (1952). The proof in this case fails to establish at least two of the elements necessary to create an estoppel.

The identity of Watson's employer is the fact alleged to have been misrepresented and to be the subject of the estoppel. Watson conceded at trial that Nortex had the right to direct the details of his work, and that, within the meaning of the Worker's Compensation Act, he was the employee of Nortex. For six years, Watson reported to work each day at Nortex's place of business in Van Zandt County. North Haven, meanwhile, was located in Dallas. His employment application and I.D. Card indicated North Haven Gardens, Inc./Nortex Nursery Industries as his employer. Watson testified that from 1978 until the time of the accident, he assumed he was Nortex's employee. However, after he was injured, he testified that Nortex told him that North Haven was his employer. Under these facts, we conclude that Watson had knowledge of facts, or the means of discovering the facts that he was Nortex's employee under the Worker's Compensation Act.

Watson contends that he detrimentally relied upon Nortex's misrepresentation of his employer in that he was precluded from seeking damages from North Haven for its failure to properly recondition the forklift.

The value, if any, of such a third-party action, is conjectural. North Haven was not a party to this action. There were no pleadings made, evidence presented, or jury issue requested concerning the alleged negligence of North Haven. The record conclusively shows the absence of two of the elements essential to create an equitable estoppel. No estoppel was established.

■ There is yet another reason that an equitable estoppel does not arise from these facts. Watson argues that he should be allowed to pursue a claim against Nortex, because Nortex's misrepresentation of the identity of his employer precluded him from asserting a claim he may have had against North Haven. However, equitable estoppel is defensive in character. It cannot be used to create a contract or a cause of action where, without an estoppel, none had existed. It must be used as a shield and not as a sword. *See Southland Life Ins. Co. v. Vela*, 147 Tex. 478, 217 S.W.2d 660 (1949); *Mercer v. Knox*, 193 S.W.2d 885 (Tex.Civ.App.—Austin 1946, no writ); *Kroger Co. v. Demakes*, 566 S.W.2d 653 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Watson's cause of action against Nortex had been abrogated by statute. Tex.Rev.Civ.Stat.Ann. art. 8306 § 3 (Vernon 1967); *Bell v. Humble Oil & Refining Co.*, 142 Tex. 645, 181 S.W.2d 569 (1944). The doctrine of estoppel will not serve to revive it.

The trial court did not err in overruling Watson's objection to the submission of the question inquiring whether, at the time of the injury, Watson was acting as an employee of Nortex. Watson's second point is overruled.

The judgment is affirmed.