Affirmed and Memorandum Opinion filed March 7, 2006









Affirmed
and Memorandum Opinion filed March 7, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00704-CV

____________

 

J. MICHAEL EPSTEIN
and ROBERT B. SISSON, Appellants

 

V.

 

WENDY=S
INTERNATIONAL, INC. and EMERALD LAND COMPANY, L.C., Appellees

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 01-05091

 



 

M E M O R A N D U M   O P I N I O N

Appellants, J. Michael Epstein and Robert
B. Sisson, appeal the summary judgment granted in favor of appellees, Wendy=s International,
Inc and Emerald Land Company, L.C., on their claim for specific
performance.  We affirm.

                                                  Background








In 1985, Dayton Hudson Corporation (ADHC@) owned a shopping
center on Loop 610 South in Houston.  On
October 29, 1985, DHC sold a portion of that tract of land to Wendy=s.  At the time of the sale, DHC and Wendy=s entered into a ARepurchase
Agreement-Right of First Refusal (the AAgreement@).  The Agreement required Wendy=s to provide DHC
with written notice of any bona fide offer to purchase the property that Wendy=s desired to
accept.  The Agreement also provided that
DHC would have the right of first refusal and option to repurchase the property
on the same terms and conditions offered by the prospective buyer.[1]  The Agreement further provided an exception
to the right of first refusal if Wendy=s sold the
property to Aan affiliate, franchisee, or subsidiary of
[Wendy=s], for use as a
fast food facility under a franchise or similar agreement with [Wendy=s].@  The Agreement was recorded in the Harris
County real property records in November 1985. 


On March 13, 1989, DHC conveyed the
remaining portion of the shopping center to Epstein and Sisson.  On May 22, 1992, Wendy=s leased its
portion of the property to Emerald Foods, Inc., J. David Karam, Donald L.
Feinstein, and Mark George.  The lease included
an option to purchase the premises.  In
December 1998, pursuant to the option to purchase in the lease, Wendy=s sold the
property leased by Emerald Foods to the real estate holding company, Emerald
Land Company, L.C.  On January 2, 2001,
more than two years after the sale of the property to Emerald Land, DHC
assigned the right of first refusal to appellants. 








Appellants moved for summary judgment on
the ground that Wendy=s breached the right of first refusal when
it sold the property to Emerald Land because Emerald Land is not a Wendy=s affiliate,
franchisee, or subsidiary.  Appellees
filed a motion for summary judgment in which they argued the conveyance to
Emerald Land fell within the exception to the right of first refusal because
Emerald Land was a franchisee.  The trial
court denied the parties= competing motions for summary judgment.  After having conducted additional discovery,
appellees filed a second motion for summary judgment on the ground that Emerald
Foods and Emerald Land constituted a single business enterprise or,
alternatively, are alter-egos, and, therefore, the sale to Emerald Land fell
within the exception.  The trial court
also denied this motion for summary judgment. 
Appellees filed their third motion for summary judgment on the ground that
appellants did not own the right of first refusal at the time of the December
1998 sale.  The trial court granted this
motion.

Appellants appeal the granting of the
summary judgment in favor of appellees on the ground that they did not own the
right of first refusal at the time of the December 1998 sale and also the
denial of their motion for summary judgment that was based on their argument
that the sale of the property to Emerald Land did not fall within the
exceptions to the right of first refusal. 
Appellees bring a contingent cross-appeal requesting that, if we find it
was error for the trial court to grant summary judgment on appellants= lack of ownership
of the right to first refusal, we consider the grounds raised in the other
motions for summary judgment, find, as a matter law, that Emerald Land was a
franchisee of Wendy=s and, therefore, the December 1998 sale
was not subject to the right of first refusal, and affirm the judgment.  

                                           Standard of Review








To prevail on a motion for summary
judgment, a defendant must establish that no material fact issue exists and
that it is entitled to judgment as a matter of law.  Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 222 (Tex. 1999).  Once a
defendant establishes that no genuine issue of material fact exists regarding
an element of the plaintiff=s claim, the
plaintiff must present competent summary judgment evidence raising a fact issue
on that element.  Guest v. Cochran,
993 S.W.2d 397, 401 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  In conducting our
review of the summary judgment, we take as true all evidence favorable to the
nonmovant, and make all reasonable inferences in the nonmovant=s favor.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant, as movant, is entitled to
summary judgment if it either disproves at least one essential element of each
of the plaintiff=s causes of action or establishes all the
elements of an affirmative defense.  American
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  

                        Ownership of the Right of First Refusal

In their first issue, appellants claim the
trial court erred in granting appellees= motion for
summary judgment because they owned the right of first refusal at the time of
the December 1998 conveyance of the property to Emerald Land.  Appellees argue appellants have no right to
enforce the right of first refusal because they were not parties to the
Agreement and such right was not assigned to them.  

Generally, a plaintiff may not enforce a contract to which
he is not a party.  Rodriguez v. U.S.
Sec. Assocs., Inc., 162 S.W.3d 868, 876 (Tex. App.CHouston [14th
Dist.] 2005, no pet.); IP Petroleum Co. v. Wevanco Energy, L.L.C., 116
S.W.3d 888, 898 (Tex. App.CHouston [1st
Dist.] 2003, pet. denied) (op. on reh=g).  For appellants to be entitled to enforce the
right of first refusal, the right must have been specifically assigned to them
by DHC, as provided in the Agreement:  

The provisions of
this Agreement are intended in each instance to be binding upon and inure to
the benefit of the signatories hereto, to the successors and assigns of [Wendy=s] who become
owners of the property and to the successors and assigns of DHC to whom the
right, title and interest herein is specifically assigned. 








The term Aassignment@ has a
comprehensive meaning and in its most general sense means the transfer or
setting over of property or some right or interest from one person to
another.  Twelve Oaks Tower I, Ltd. v.
Premier Allergy, Inc., 938 S.W.2d 102, 113 (Tex. App.CHouston [14th
Dist.] 1996, no writ); University of Tex. Med. Branch at Galveston v. Allan,
777 S.W.2d 450, 452 (Tex. App.CHouston [14th
Dist.] 1989, no writ).  It is a
manifestation by the owner of a right or property of his intention to transfer
such right or property to another.  Twelve
Oaks Tower I, Ltd., 938 S.W.2d at 113; Pape Equip. Co. v. I.C.S., Inc.,
737 S.W.2d 397, 399 (Tex. App.CHouston [14th
Dist.] 1987, writ ref=d n.r.e.). 
An assignment is a contract between the assignor and the assignee, and
operates by way of agreement or contract. 
Allan, 777 S.W.2d at 453.  

On January 2, 2001, DHC [Target] assigned its interest in
the right of first refusal to appellants: 

For valuable
consideration, the receipt of which is hereby acknowledged, TARGET CORPORATION,
formerly named DAYTON HUDSON CORPORATION (AASSIGNOR@) does GRANT,
ASSIGN, and CONVEY to J. MICHAEL EPSTEIN and ROBERT B. SISSON (AASSIGNEES@) all of ASSIGNOR=S right, title,
and interest in the First Refusal . . .

The sale of the subject property to
Emerald Land occurred in December 1998, more than two years prior to DHC=s [Target=s] assignment of
its right of first refusal to appellants in January 2001.  Thus, there was no contractual relationship
by way of assignment between Wendy=s and appellants
in December 1998, and, therefore, appellants have no right to complain of any
alleged breach of the right of first refusal by Wendy=s.  See Temple EasTex, Inc. v. Old Orchard
Creek Partners, Ltd., 848 S.W.2d 724, 730 (Tex. App.CDallas 1992, writ
denied) (op. on reh=g) (explaining that only parties to a
contract generally have the right to complain of its breach).[2]  








Appellants admit the January 2001
assignment was obtained from Target (formerly DHC) without payment or
consideration of any kind.  However,
appellants further contend appellees are barred by the doctrine of quasi-estoppel
to deny them the right of first refusal as allegedly established by
correspondence in 1992 acknowledging appellants= purported
ownership of the right: 

!       On
June 25, 1992, Wendy=s sent a letter to DHC requesting
execution of a Termination of Option to Repurchase.  

!       On
July 6, 1992, DHC responded that it had sold its interest in the property to
appellant in 1989, and that Wendy=s Ashould send this termination
agreement to [appellants] as they now have the first right of refusal
[sic].@[3] 


!       On
July 8, 1992, Wendy=s forwarded a copy of DHC=s July 6 letter and the Termination
of Option to Repurchase to appellants, requesting that they execute it.  The Option states, in relevant part, AOn March 13, 1989, DHC sold its
interest in the property, along with the option to repurchase, to Epstein and
Sisson.@ 


!       On
July 21, 1992, Wendy=s sent a copy of the Repurchase
Agreement - Right of First Refusal to appellants= attorney, requesting execution of
the Termination of Option to Repurchase. 


!       On August 10, 1992, Wendy=s notified
appellants= attorney that it had found a recorded
Release of Repurchase Right by DHC and, therefore, nothing was required of
appellants, but that Ayour clients have the Right of First
Refusal pursuant to paragraph 5 of the Repurchase Agreement.  This right only becomes an issue if Wendy=s sells the
property.  We are currently leasing to a
franchisee.@[4]  








Quasi-estoppel precludes a party from
asserting, to another=s disadvantage, a right inconsistent with
a position previously taken by that party. 
Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 864
(Tex. 2000).  The doctrine is applicable
when it would be unconscionable to allow a party to maintain a position
inconsistent with one in which he acquiesced, or of which he accepted a
benefit.  Id.  Quasi-estoppel is a defensive doctrine.  Cook Composites, Inc. v. Westlake Styrene Corp.,
15 S.W.3d 124, 136 (Tex. App.CHouston [14th
Dist.] 2000, pet. dism=d); see also Sun Oil Co. v. Madeley,
626 S.W.2d 726, 734 (Tex. 1981) (AEstoppel . . . is
a defensive theory.@); Watson v. Nortex Wholesale Nursery,
Inc., 830 S.W.2d 747, 751 (Tex. App.CTyler 1992, writ
denied) (A[E]quitable estoppel is defensive in
character.@). 
Moreover, estoppel does not create a contract right that does not
otherwise exist without the estoppel.  Sun
Oil Co., 626 S.W.2d at 734; Watson, 830 S.W.2d at 751; Clifton v.
Ogle, 526 S.W.2d 596, 602 (Tex. Civ. App.CFort Worth 1975,
writ ref=d n.r.e.). 

Appellants contend a contract already
existed, i.e., the contract was formed by the execution of the Repurchase
Agreement - Right of First Refusal by DHC and Wendy=s and, therefore,
the issue is one of identity in the contractual relationship.  A contract existed between Wendy=s and DHC, but
there was no contract between Wendy=s and appellants
as DHC=s successors
because there was no assignment of the right of first refusal from DHC to
appellants.  We are not persuaded that
the series of correspondence upon which appellants rely constitutes an
assignment for quasi-estoppel.  Estoppel
cannot be used to create a contract between Wendy=s and appellants
where, without an estoppel, none would exist. 
See Sun Oil Co., 626 S.W.2d at 734; Watson, 830 S.W.2d at
751; Clifton, 526 S.W.2d at 602. 
The Agreement provides for a specific assignment.  Therefore, appellants may not rely on
quasi-estoppel to establish an enforceable contract.  Appellants= first issue is
overruled.  

Because of our disposition of appellants= first issue, we
need not reach their second issue or the issues raised in appellees= contingent
cross-appeal.  Accordingly, the judgment
of the trial court is affirmed.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 7, 2006.

Panel
consists of Justices Hudson, Frost, and Seymore.











[1]  The Agreement
states, in relevant part, with respect to DHC=s right
to first refusal:

First
Refusal:  If [Wendy=s] receives a bona fide offer to repurchase the
Property and/or any improvements thereon, or any part thereof, or any tract or
parcel which includes the Property within twenty (20) years from the date
hereof which [Wendy=s] desires to accept, [Wendy=s] shall give DHC notice in writing of such offer,
setting forth the name and address of the proposed purchaser, the amount of the
purchase price, and all other terms and conditions of said offer, and DHC shall
have the first right and option for a period of thirty (30) days following
receipt of such notice to repurchase the premises which are the subject of such
offer to the purchaser therein identified upon the same terms and conditions
given to DHC.  





[2]  Appellants
point out that DHC conveyed the property to them by way of general warranty
deed Atogether with all rights, privileges and appurtenances
thereto . . .@  Appellants do not
state that DHC conveyed the right of first refusal at that time, but assert
that DHC recognized the transfer of that right to them.  Although it is not entirely clear, it appears
appellants are arguing that the right of first refusal was transferred to them
when the property was conveyed to them in 1989. 
However, there was no specific assignment of the right of first refusal
as expressly required in the Agreement between DHC and Wendy=s. 





[3]  Emphasis
added.





[4]  Emphasis
added.