Opinion issued May 3, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00096-CV

———————————

Orlando Salinas, Appellant

V.

Meaux
Surface Protection, Inc., Appellee



 



 

On Appeal from the 11th District Court

Harris County, Texas



Trial Court Case No. 2007-74589

 



 

MEMORANDUM OPINION

This is a
personal-injury suit stemming from a one-car accident that occurred when plaintiff-appellant
Orlando Salinas was a passenger in his supervisor’s vehicle travelling home to
Texas from a worksite in Louisiana.  Salinas challenges the trial court’s granting summary
judgment in his employer’s favor.  We
affirm.     

Background

Salinas and his supervisor,
defendant Octave Samuel, were both employed by defendant Meaux
Surface Protection, Inc. during the 2006 timeframe that is relevant to this
suit.  On September 23, 2006, Salinas was
a passenger in a vehicle driven by Samuel on Interstate-10 travelling from
Louisiana to Texas after they came in from working offshore.  Samuel was drinking during this trip and
crashed into a wall in Orange, Texas. 
Salinas was thrown from the vehicle and suffered serious injuries.  

The parties disagree about whether
Samuel and Salinas were within the course and scope of their employment at the
time of the accident.  Although it
usually provides its employees transportation from its site in Louisiana to
drop-off points at or near its employees’ homes, Meaux
claims that Salinas opted not to take the company-provided transportation
between his home in Houston and worksite in Louisiana.  Instead, he rode with Samuel whenever they
worked together.

In contrast, Salinas contends that Meaux’s Safety Coordinator, Kevin Star, ordered him to ride
with Samuel from a Louisiana heliport to Houston.  Salinas further claims that they were all on
the payroll during this drive, and that Meaux paid
for Samuel’s gasoline for the trip.  

A.   The LHWCA proceeding

In August 2007, Salinas filed a
claim for compensation with the U.S. Department of Labor under the Longshore Harbor Workers’ Compensation Act (LHWCA).  Meaux argued in
response that (1) Salinas “was not within the course and scope of his
employment with the employer” at the time of the accident, and (2) Salinas’s
claim “does not meet the requirements for LHWCA jurisdiction.”  After an informal conference, the Department
denied Salinas’s claim, finding that 

Salinas does not have the
required situs for the occurrence of the 9-23-06 MVA
necessary to establish jurisdiction pursuant to the LHWCA.  The public Interstate highway where the MVA occurred
does not have a maritime nexus to invoke LHWCA jurisdiction. . . . . Whether or
not Mr. Salinas has a claim for the 9-23-06 injury in another jurisdiction is
for the parties to determine.

 

B.   The Underlying Lawsuit

Salinas sued Meaux
and Samuel in Harris County, alleging—among other things—that Samuel
was liable under theories of negligence and negligence per se.  Salinas further contended that Samuel was
acting within the course and scope of his employment with Meaux,
rendering Meaux vicariously liable for Salinas’s
injuries that were proximately caused by Samuel’s negligence and negligence per
se.  Salinas also claimed that Meaux was directly liable through failure to properly train
and supervise Samuel, and because it negligently entrusted Samuel to drive
Salinas.   

Salinas also pleaded equitable
estoppel, asserting that Meaux should be barred from
asserting workers’ compensation as an exclusive remedy because Meaux has previously taken the position that Salinas was
not within the course and scope of his employment at the time of the automobile
accident. 

1.     Meaux’s Motions for Summary Judgment

Meaux filed both
a no-evidence and a traditional motion for summary judgment.  In the no-evidence motion, it argued that Salinas’s
arguments necessarily failed because there was “no evidence that Octave Samuel
and Orlando Salinas were within the course and scope of employment at the time
of the accident.”  Accordingly, Meaux asserted, there is no evidence that it owed a duty to
Salinas.  Meaux
also asserted that there was no evidence of at least one element of each of
Salinas’s claims.  

In its traditional motion for
summary judgment, Meaux asserted that, assuming that all Salinas’s assertions were true, Salinas’s claims were all precluded by the workers’
compensation bar.  Attached as summary-judgment
evidence were Meaux’s workers’ compensation policies
in Louisiana and Texas in force in September 2006 and employment records
demonstrating that Salinas was a Meaux employee on
the day of the accident.  Meaux argued in its
motion that, because all of Salinas’s claims sounded in common-law negligence
and because all of Salinas’s claims were premised upon Salinas’s allegation
that he and Samuel were operating within the course and scope of their
employment, the claims would necessarily be barred by the workers’ compensation
bar.    

2.     Salinas’s Response

Salinas filed a combined response
to Meaux’s two motions.  In response to the traditional motion, he
argued that Meaux’s reliance on the workers’
compensation bar should be barred by the doctrines of estoppel and res
judicata.  Specifically, he argued that Meaux’s position in the LHWC proceedings that Salinas “was
on a leisurely drive home that he requested with his supervisor, and not in the
course and scope of his employment, which resulted in a final binding
determination that [Salinas] was not covered by LHWCA is inconsistent with Meaux’s position now that [Salinas] was in the course and
scope of this employment when he was traveling home and is therefore covered by
a state’s worker’s compensation plan.”  Salinas
asserted that Meaux should not be permitted to “have
it both ways” and that its “inconsistent position in a legal proceeding that
resulted in a binding decision on the parties should preclude Meaux by the doctrine of equitable estoppel from a summary
judgment.”  Finally, Salinas argued that Meaux had not filed all the required paperwork and notice
required under the workers’ compensation statutes in either Texas or
Louisiana.  

In response to Meaux’s
no-evidence points, Salinas asserts that there is some evidence that he and Samuels
were acting within the course and scope of their employment, and that Samuels
was negligent.  

3.     The trial court’s judgment  

The trial court granted Meaux’s traditional summary judgment on the workers’
compensation bar.  Salinas nonsuited his
remaining claims against Samuels, rendering the trial court’s summary judgment
on his claims against Meaux final.  

ISSUES ON APPEAL

Salinas appeals
from the trial court’s summary judgment identifying a single issue: “Whether a
defendant can take two (2) different legal and factual positions in 2 different
forums and leave plaintiff without a legal remedy at law.”  His brief focuses on both equitable estoppel
and res judicata, so we interpret his issue statement as incorporating both of
those issues. 

STANDARD OF REVIEW 

We review the district court’s
summary judgment de novo.  See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

The standard governing a
traditional motion for summary judgment is well established: (1) the movant for
summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is therefore entitled to summary judgment as a matter
of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in
favor of the nonmovant and any doubts resolved in the
nonmovant’s favor.  See, e.g., Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548–49 (Tex. 1985).

When a defendant moves for summary
judgment and conclusively establishes the application of an affirmative defense
barring the plaintiff’s claim, the burden shifts to the plaintiff to raise a
fact issue on any affirmative defense to the application of the defendant’s
affirmative defense.  E.g., Am. Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex. 1994) (“Since
plaintiffs’ response was in the nature of an affirmative defense to Petrifina’s limitations claim, they could only have
defeated summary judgment with sufficient evidence to raise a fact question for
each of the elements of fraudulent concealment.”).  

Under the “no-evidence summary
judgment” rule, the movant may move for summary judgment if, after adequate
time for discovery, there is no evidence of one or more essential elements of a
claim or defense on which the nonmovant would have
the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  The motion must
state the elements as to which there is no evidence. Id. The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a
genuine issue of material fact. Id.
Under the no-evidence summary judgment standard, the party with the burden of
proof at trial will have the same burden of proof in a summary judgment
proceeding.  See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe &
Supply Corp., 962 S.W.2d 193, 197 n.3 (Tex. App.—Houston [1st Dist.] 1998,
pet. denied).

EQUITABLE ESTOPPEL

Salinas argues that “Meaux took the position for purposes of LHWCA litigation
that Salinas was not in the course and scope of his job and thus he was denied
coverage under LHWCA and then in the 11th District Judicial Court Meaux asserted that he was in the course and scope of
employment and state or federal workers compensation is his only remedy.”  Allowing these two different positions,
according to Salinas, is unconscionable and should be barred by equitable estoppel.

In response, Meaux
denies that it has taken an inconsistent position.  It acknowledges that its position before the
Department in the LHWCA was that neither Salinas nor Samuels was acting within
the course and scope of their employment. 
It contends, however, that (1) its position in the LHWCA proceeding was
irrelevant to the Department’s determination that the LHWCA did not apply
because there was not a sufficient connection to a maritime situs,
and (2) that it has not changed its position here; rather it properly assumed,
for purposes of summary judgment, that Salinas’s allegations about the course
and scope of employment were true.  

Meaux also
argues that Salinas did not raise a fact issue on the equitable estoppel element
of detrimental reliance, given that Salinas was represented by his own counsel
during the LHWCA proceedings and when he decided to file suit in Harris County
and to not file a workers’ compensation claim. 
See Douglas v. Moody Gardens, Inc.,
No. 14-07-00016-CV, 2007 WL 4442617, at *4 (Tex. App.—Houston [14th Dist.]
2007, no pet.) (mem.
op.)  (employee
appealing summary judgment based on workers’ compensation bar failed to raise a
fact issue on equitable estoppel, in part because she was represented by
counsel such that she could not have relied on her employer’s earlier position
denying that she was injured in the course and scope of employment).    Finally, Meaux
contends that equitable estoppel cannot be used to create a cause of action
that is otherwise barred by the Texas Workers’ Compensation Act.  See Watson
v. Nortex Wholesale Nursery, Inc., 830 S.W.2d
747, 751 (Tex. App.—Tyler 1992, writ denied) (holding that equitable estoppel
could not revive claim against employer that was abrogated by statute governing
workers’ compensation).    

A.   Applicable Law

“The elements of equitable estoppel
are: (1) a false representation or concealment of material facts made with the
intent that another party act on the false representation or silence, (2) the
false representation or concealment of material facts was made by a party with
knowledge of the facts, (3) the party to whom the representation was made or
from whom facts were concealed was without knowledge or the means of knowledge
of the real facts, and (4) detrimental reliance.”  Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd.,
817 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1991, pet. denied). 

B.   Analysis

Salinas’s equitable estoppel
argument is premised upon his assertion that Meaux
has taken inconsistent positions. 
Specifically, Salinas complains that Meaux
argued in the LHWCA proceedings that he and Samuels were not acting in the
course and scope of their employment at the time of the accident and that, in Meaux’s summary-judgment briefing in the underlying case,
it takes the opposite position, i.e., that Salinas and Samuels were acting in
the course and scope of their employment. 
We disagree.

Meaux acknowledges
that it argued in the LHWCA proceeding that Salinas and Samuel were not in the
course and scope of their employment. 
That is consistent with its position in its no-evidence motion for
summary judgment.  There it argues that
there “is no evidence that Octave Samuel and Orlando Salinas were within the
course and scope of employment at the time of the accident” and, thus, “no
evidence that Meaux owed any duty to Salinas.” 

Meaux’s motion for
traditional summary judgment—in which
Salinas claims Meaux has taken a position that is
inconsistent with its LHWCA position—assumes the truth
of Salinas’s pleaded allegations that they were operating within the course and
scope of their employment for purposes of that motion.  The motion makes that explicit, stating that,
“For purposes of this motion, Meaux will assume,
without admitting, the truth of Plaintiff’s allegation.”  The motion then sets forth the dispute about whether
Salinas and Samuel were in the course and scope of their employment and
chronicles the evidence supporting both positions.  It then argues that summary judgment is
appropriate regardless of which is true because (1) if Salinas and Samuel were not
acting in the scope of their employment, then Salinas has not pleaded any
grounds for liability, and (2) assuming that they were acting in the scope of their employment, all Salinas’s claims
are necessarily foreclosed by the workers’ compensation bar. 

Meaux’s assuming
the truth of Salinas’s allegations for purposes of summary judgment was proper
and not inconsistent with its previous positions.  Cf. Stanley v. Citifinancial Mortg. Co.,
121 S.W.3d 811, 819 (Tex. App.—Beaumont 2003, pet. denied) (“Even assuming the
truth of [plaintiff’s] allegations, as we are required to do for the purpose of
reviewing summary judgment . . . .”).  Thus,
without reaching Meaux’s arguments about why
equitable estoppel would not otherwise apply, we hold as a threshold matter
that the Salinas has not established that Meaux has
taken an inconsistent position for purposes of equitable estoppel.  He thus did not raise a fact issue on
equitable estoppel.    

RES JUDICATA

Salinas argues that Meaux “cannot dispute that in the Department of Labor
hearing on jurisdiction that it took the position that ‘[Salinas] was not
within the course and scope of his employment with the employer’ and that the
Labor Department issued a final judgment on the merits and was a venue of
competent jurisdiction.”  Accordingly,
because the parties are the same and because the same claims were raised in the
LHWA proceeding, Salinas argues that Meaux’s summary
judgment should have been denied under the doctrine of res judicata.  

Meaux responds that that no tribunal or
court has ever litigated the issue of whether Salinas was within the course and
scope of his employment.  Rather,
the parties participated in an informal conference, and Salinas never requested
a referral to the Administrative Law Judge to challenge the Department’s
finding that the LHWCA did not apply.  See Craven v. Director, Office of Workers
Comp. Programs, 604 F.3d 902, 907 (5th Cir. 2010)
(court lacked jurisdiction to hear appeal because claimant did not seek review
of informal conference with ALJ).  In any
event, Meaux contends, the issue of whether Salinas
was within the course and scope of his employment was not litigated in the
informal conference, as the Department denied Salinas’s claim based on the lack
of a maritime nexis. 


A.   Applicable Law

The supreme court
has admonished that, “[c]ertainly in courts of law, a
claimant generally cannot pursue one remedy to an unfavorable conclusion and
then pursue the same remedy in another proceeding before the same or a
different tribunal.”  Igal v. Brightstar
Info. Tech. Grp.,
Inc., 250 S.W.3d 78, 86 (Tex. 2008). 
“Res judicata bars the relitigation of claims
that have been finally adjudicated or that could have been litigated in the
prior action.”  Id. (citing Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex.1992)).  For res judicata to apply under Texas state
law, the following elements must be present: (1) a prior final judgment on the
merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the
same claims as were raised or could have been raised in the first action.  Citizens Ins. Co. of Am. v. Daccach, 217
S.W.3d 430, 449 (Tex. 2007).  Thus,
a party may not pursue a claim determined by the final judgment of a court of
competent jurisdiction in a prior suit as a ground of recovery in a later suit
against the same parties. Tex.
Water Rights Comm’n v. Crow Iron Works, 582
S.W.2d 768, 771 (Tex. 1979). 

Because Salinas argues that the
issues here were first decided in a federal tribunal, federal law controls the
determination of whether res judicata will bar the later state court
proceeding.  See Eagle Props., Ltd. v. Scharbauer,
807 S.W.2d 714, 718 (Tex. 1990).  Similar
to Texas law, under federal law, res judicata will apply if: (1) the parties
are identical in both suits; (2) the prior judgment is rendered by a court of
competent jurisdiction; (3) there is a final judgment on the merits; and (4)
the same cause of action is involved in both cases. Id.

B.   Analysis    

Salinas has not brought forth a
prior final judgment on the merits of any issue that is the subject of the
underlying litigation.  Thus, he failed
to raise a fact issue on res judicata. 
We need not reach Meaux’s other arguments
about why res judicata does not apply.

CONCLUSION

We overrule
Salinas’s sole issue.  We affirm the
trial court’s judgment.  

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.